UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ROBERT DEMOS JR, <br><br> Plaintiff, <br> v. <br><br> STATE OF WASHINGTON, et al., <br><br> Defendants. | Case No. 2:22-cv-00769-TSZ-TLF <br><br> REPORT AND RECOMMENDATION <br><br> Noted for June 23, 2022 |

This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. Plaintiff John Robert Demos, a state prisoner, has filed an application to proceed *in forma pauperis* ("IFP") and a proposed complaint. Dkt. 1-1. For the reasons discussed below, the Court should deny plaintiff's IFP application and should dismiss plaintiff's complaint.

## DISCUSSION

Plaintiff is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State Courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). An Order of this Court provides for the return without filing of any petition that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997). In addition, plaintiff may submit only three IFP applications and

REPORT AND RECOMMENDATION - 1

proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Plaintiff has already reached this annual limit. *See, e.g., Demos v. Wash. Dep't of Corr.*, 2:22-cv-00507-JCC-DWC (W.D. Wash. 2022); *Demos v. State of Wash., et al.*, 2:22-cv-00489-RSM-BAT (W.D. Wash. 2022); *Demos v. Satterberg*, 2:22-cv-00271-JHC (W.D. Wash. 2022).

Furthermore, under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had more than three prior actions dismissed as frivolous, malicious, or for failure to state a claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999). Plaintiff's proposed complaint alleges that he is in imminent danger because the "cell ventilation is contaminated, compromised and corrupted." Dkt. 1-1 at 4-5. Plaintiff alleges that because the ventilation system has not been replaced, he is forced to breath the same air that other inmates are in. Dkt. 1-1 at 4-5.

Plaintiff also alleges that the Washington Department of Corrections has implemented deficient health and safety protocols. Dkt. 1-1 at 4-5. Plaintiff does not explain how the Washington Department of Corrections has allegedly failed to implement health and safety protocols. Dkt. 1-1 at 4-5. Plaintiff's complaint does not demonstrate that he currently faces "imminent danger of serious physical injury." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (internal citations omitted).

## CONCLUSION

Based on the foregoing discussion, the Court should deny plaintiff's IFP application.

REPORT AND RECOMMENDATION - 2

1  A plaintiff is not entitled to submit written objections to the Magistrate Judge's report and recommendation that IFP status should be denied. *Minetti v. Port of Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998)(per curiam). Denial of a motion to proceed IFP is an immediately appealable order. *Tripati v. Rison,* 847 F.2d 548, 548-549 (9th Cir. 1988). Under *O'Neal v. Price*, 531 F.3d 1146, 1151-1156 (9th Cir. 2008), plaintiff's proposed complaint should be dismissed without prejudice.

Dated this 23rd day of June, 2022.

*[signature]*

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3